STATE OF NORTH CAROLINA
v.
DWIGHT EDWIN DONNELL, JR.
No. COA07-427
Court of Appeals of North Carolina.
Filed November 20, 2007
This case not for publication
Attorney General Roy Cooper, by Special Deputy Attorney General Richard E. Slipsky, for the State.
Cheshire, Parker, Schneider, Bryan & Vitale, by John Keating Wiles, for defendant-appellant.
ELMORE, Judge.
On 4 August 2003, Dwight Edwin Donnell, Jr. (defendant), was indicted on charges of possession of a controlled substance and possession of drug paraphernalia . Prior to trial, defendant filed a motion to suppress, arguing that he was subjected to an illegal stop and an illegal search and seizure. A hearing was held on the motion on 16 August 2004.
At the suppression hearing, the State presented the following evidence: On 14 May 2003, Officer M.P. O'Hal of the Greensboro Police Department was on routine patrol in the area of Ashe Street, near Whittington Street. Officer O'Hal testified that this was a "known drug location and a high crime area . . . ." Several times that evening, Officer O'Hal observed individuals enter the back entrance of a residence, called "the cut," and exit approximately one to two minutes later. Officer O'Hal testified that, based on his training and experience, he believed narcotics activity was taking place at the residence.
At approximately 12:05 a.m., Officer O'Hal observed defendant, walking down Whittington Street with an unidentified male. Both defendant and his companion entered the residence through "the cut" and exited one to two minutes later. They then headed in a northbound direction towards Florida Street. Officer O'Hal approached the men in his unmarked police vehicle, a black Tahoe. He rolled his window down, identified himself as a Greensboro police officer, and asked the men "if they had any guns, knives or weapons or anything else on them that I needed to know about, and that we had numerous narcotic complaints in the area."
Both men stopped and said they did not have any gun, knives, or anything on them. Defendant raised his hands, put them over his head, and told Officer O'Hal, "You can check." Officer O'Hal did a safety pat-down search of both men. While patting down the defendant, Officer O'Hal felt what appeared to be a pack of cigarettes in the defendant's back pocket. Officer O'Hal asked defendant if it was indeed a pack of cigarettes, and if he could enter his pocket. Defendant said, "Yes. Yes, no problem." Officer O'Hal retrieved what appeared to be an empty box of Newport cigarettes. Inside the empty box were what appeared to be two crack pipes. Also in defendant's left rear pocket were "two off-white rock like substances inside a clear plastic baggy." The substances field tested positive for cocaine. Defendant told Officer O'Hal that the pants belonged to his brother, and that he did not know where the narcotics came from. Defendant was arrested and charged with possession of cocaine and possession of drug paraphernalia.
The trial court denied the motion to suppress. Defendant subsequently pled guilty to felony possession of cocaine, reserving his right to appeal the denial of his motion to suppress. Defendant appeals.
Defendant first argues that the trial court erred when it denied his motion to suppress without making findings of fact and conclusions of law as required by N.C. Gen. Stat. §15A-977(d) and (f). Defendant claims that there were contradictions in Officer O'Hal's testimony that required findings by the trial court. We are not persuaded.
N.C. Gen. Stat. § 15A-977(f) specifically provides that when a suppression hearing is held, "[t]he judge must set forth in the record his findings of facts and conclusions of law." N.C. Gen. Stat. § 15A-977(f) (2005). Our Supreme Court has stated that:
When the competency of evidence is challenged and the trial judge conducts a voir dire to determine admissibility, the general rule is that he should make findings of fact to show the basis of his ruling. If there is a material conflict in the evidence on voir dire, he must do so in order to resolve the conflict. If there is no material conflict in the evidence on voir dire, it is not error to admit the challenged evidence without making specific findings of fact, although it is always the better practice to find all facts upon which the admissibility of the evidence depends. In that event, the necessary findings are implied from the admission of the challenged evidence.
State v. Vick, 341 N.C. 569, 580, 461 S.E.2d 655, 661 (1995) (citations omitted); see also State v. Futrell, 112 N.C. App. 651, 665, 436 S.E.2d 884, 891 (1993) ("[W]here evidence is uncontroverted and the facts not in dispute, a trial court is not required to make findings of fact, even when provided for by statute or case law.").
In the instant case, defendant presented no contradictory evidence regarding either the investigatory stop or discovery of the contraband following the search of his person. The alleged discrepancies in Officer O'Hal's testimony were not material and primarily concerned minor omissions from his written police report. Accordingly, we conclude that the trial court's failure to make findings and conclusions does not constitute prejudicial error.
Defendant next argues that the trial court erred by denying his motion to suppress. Defendant claims that Officer O'Hal's "hailing . . . was not a mere casual encounter between law enforcement and citizen[,]" but was a "stop." Defendant renews his contention from his motion to suppress that police lacked reasonable suspicion to justify the stop.
After careful review of the record, briefs, and contentions of the parties, we affirm. In the instant case, the trial court did not specifically state upon which grounds it was denying the motion to suppress. Our Supreme Court has stated that:
A correct decision of a lower court will not be disturbed on review simply because an insufficient or superfluous reason is assigned. The question for review is whether the ruling of the trial court was correct and not whether the reason given there for is sound or tenable. The crucial inquiry for this Court is admissibility and whether the ultimate ruling was supported by the evidence.
State v. Austin, 320 N.C. 276, 290, 357 S.E.2d 641, 650 (1987) (citation omitted). Here, we conclude that the stop was properly based on Officer O'Hal's reasonable articulable suspicion that defendant was engaged in criminal activity, namely, the unlawful possession of controlled substances.
Our Supreme Court has stated that:
It is well established that an officer may undertake an investigatory stop of a person, so long as that officer has a reasonable and articulable suspicion, based on objective facts, that the person is engaged in criminal activity. Courts must consider "' the totality of the circumstances  the whole picture'" in making the determination as to whether a reasonable suspicion to make an investigatory stop existed at the time the stop was made.
The totality of the circumstances test must be viewed through the prism of a reasonable police officer standard; that is, the reviewing court must take into account an officer's training and experience. Thus, a police officer must have developed more than an "'unparticularized suspicion or hunch'" before an investigatory stop may occur.
State v. Willis, 125 N.C. App. 537, 541, 481 S.E.2d 407, 410 (1997) (citations omitted).
Here, Officer O'Hal, a veteran police officer of eight years, testified that he was in a known drug location. Officer O'Hal noted that there had been numerous citizen complaints regarding narcotics sales in the area. Additionally, he testified that he had personally observed several drug related offenses committed in this area, including persons selling narcotics out of residences. Officer O'Hal further testified that he observed several subjects go into the back entrance of the residence and emerge out of the same entrance shortly thereafter. Officer O'Hal testified that, based on his training and experience as a police officer, there appeared to be narcotics activity at the residence that evening. Officer O'Hal further testified that he then observed defendant and another male subject similarly enter the residence through the back entrance, and then exit the same way they entered a minute or two later. Based on the totality of the circumstances, we conclude that reasonable suspicion existed that defendant possessed illegal narcotics, and that the investigatory stop was lawful.
After defendant was stopped, defendant consented to a search of his person, inviting Officer O'Hal to do so by telling him that he did not possess contraband and stating that "[y]ou can check." Defendant specifically consented to the removal of the cigarette box from his back pocket. Officer O'Hal asked defendant if he could enter his back pocket, and defendant replied affirmatively. Therefore, there was no unlawful seizure of the contraband. Accordingly, we affirm.
Affirmed.
Judges WYNN and BRYANT concur.
Report per Rule 30(e).